FILED '09 AUG 19 12:34 USDC-LAE

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WATCH SYSTEMS, L.L.C. | * | CIVIL ACTION NO. 09-5821 |
| VERSUS | * | JUDGE SECT. J MAG. 4 |
| SYSTEMS DESIGN SOLUTIONS, INC. AND WILLIAM RUDICK | * | MAGISTRATE JUDGE _____ |

### COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Watch Systems, L.L.C. ("Watch"), and, in support of its Complaint, states as follows:

1.

Plaintiff, Watch, is a Louisiana limited liability company with its principal place of business in Covington, Louisiana, who is and was at all relevant times a resident and citizen of the State of Louisiana. The members of Watch include LUMO, L.L.C., a Louisiana limited liability company, Southpoint Credit Services, Limited Liability Company, a Louisiana limited liability company, Polewop Enterprises, L.L.C., a Louisiana limited liability company, Michael Cormaci, and James Massicot, both of whom are residents of the State of Louisiana, and Louis J. Luzynski, who is a resident of the State of Tennessee. Therefore, Watch is a citizen of Louisiana under 28 U.S.C. § 1332.

Fee 350
✓ Process ____
x Dktd ____
__ CtRmDep ____
__ Doc. No. ____

PD.1240060.1

2.

Made defendant is Systems Design Solutions, Inc. ("SDS"), a California corporation with its principal place of business in California. Therefore, SDS is a citizen of California under 28 U.S.C. §1332.

3.

Also, made defendant is William Rudick, who is and was at all relevant times a resident and citizen of the State of California.

4.

Accordingly, plaintiff and defendants are citizens of different states and complete diversity of citizenship exists between plaintiff and defendants.

5.

Plaintiff seeks a declaration of the respective rights of the parties, particularly the right of Watch to terminate its contract with SDS. The annual revenues generated as a result of the contract exceed $75,000.00. Plaintiff also seeks damages, punitives, and attorneys' fees for the unlawful conduct of defendants, which recovery renders the amount in controversy to be well beyond the $75,000.00 jurisdictional threshold.

6.

The above described action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332, in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the controversy is wholly between citizens of different states.

7.

The above described action is also one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because, as set forth more fully below, Watch claims violations of

and is seeking remedies under federal statutes, specifically, the Wire Tap Act, 18 U.S.C. § 2510 *et seq.*, and the Stored Communications Act, 18 U.S.C. § 2701, *et. seq.*

8.

This Court has supplemental jurisdiction over Watch's state law claim(s) under 28 U.S.C. § 1367 because its state law claims are so related to its federal claims that they form part of the same case or controversy under Article III of the U.S. Constitution.

9.

Venue is proper under 28 U.S.C. Section § 1391(a) in the Eastern District of Louisiana because a substantial part of the acts and omissions giving rise to plaintiff's cause of action occurred in Covington, Louisiana. For example, the majority of Watch's contractual obligations with SDS are and have been performed in Covington, Louisiana. Furthermore, Watch's computer server on which SDS unlawfully trespassed and committed its unlawful conduct is hosted by a company located in Slidell, Louisiana.

10.

The circumstances giving rise to this action are as follows. Watch, through its Managing Partner, Louis Luzynski, and SDS, through its sole owner and operator William Rudick, entered into an agreement for the joint development and marketing of an Internet-accessible, host-based sales tax calculation system. The system ascertains the proper tax rate and jurisdiction associated with sales transactions based on a buyer's home address.

11.

SDS presented Watch with a Joint Software Development and Marketing Agreement ("the Agreement") that was drafted by SDS. The parties signed the Agreement in November 2003.

12.

Rudick has been Watch's sole contact person with SDS. On information and belief, SDS is a one-man operation run by Rudick.

13.

Since 2003, Watch has encountered various difficulties with defendants. For example, defendants have done such things as shutting off customers' use of the TaxWatch system before the stated grace period for customer payment had expired and in contradiction to notices sent by defendant's own system, thereby hindering the customers' business on a number of occasions due to no fault of the customer. Watch's trust of defendants has eroded over the last few years. Watch had previously worked with defendants on other products, and SDS had even hosted Watch's email application. However, the disagreements and difficulties between the parties caused Watch to remove SDS's email server hosting and other products in 2005. The sole remaining product on which the parties work together is the TaxWatch program.

14.

Watch has recently learned of conduct by defendants that has irrevocably undermined Watch's trust of defendants. Specifically, Watch learned that an IP address that is registered to SDS has been accessing Watch's computer server without permission or authorization. Watch's system logs show that defendants have penetrated Watch's system, loaded Watch emails to SDS's server, and in some cases deleted emails from Watch's server without Watch having read them. The TaxWatch program is operated from SDS's server, not Watch's server; therefore, there can be no legitimate basis for defendants to access Watch's server. On information and belief, defendants have misappropriated email communications belonging to Watch and are using them for their own benefit and commercial gain and to the detriment of Watch.

15.

Such actions by defendants jeopardizes Watch's contracts with Watch's customers, placing Watch at risk of losing substantial revenue.

16.

The above conduct constitutes unfair and deceptive trade practices against Watch under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401, *et seq.* Watch has suffered financial losses as a result of defendants' conduct as well as a possible loss of business reputation.

17.

The above conduct involving defendants' willful and intentional access without authorization of Watch's computer server constitutes unlawful access to Watch's stored communications in violation of the Stored Communications Act, 18 U.S.C. § 2701 *et seq.* Watch has suffered financial losses as a result of defendants' unauthorized access of its server. The Stored Communications Act provides Watch with a private right of action against defendants and allows Watch to seek a declaratory judgment, damages, attorney's fees, costs and punitive damages.

18.

The above willful and intentional access without authorization of Watch's computer server and/or defendants' intentional disclosure of Watch's electronic communications to other persons, knowing that the information was illegally intercepted and/or defendants' intentional use of the contents of Watch's electronic communications, knowing that the information was illegally intercepted, further constitutes an intentional interception of Watch's electronic communications in violation of the Wiretap Act, 18 U.S.C. § 2510 *et seq.* Watch has suffered financial losses as a result of defendants' unauthorized interception of its electronic

communications. The Wiretap Act provides Watch with a private right of action against defendants and allows Watch to seek declaratory judgment, damages, attorney's fees, costs and punitive damages.

19.

The above conduct of defendants further constitutes conversion under Louisiana law. Specifically, defendants' actions in accessing, intercepting, penetrating and downloading electronic communications and information, including but not limited to, confidential information, from Watch's computer server that belongs to Watch and downloading it to SDS's server and/or deleting it from Watch's server is a wrongful exercise of authority over property and confidential information that belongs to Watch and of which Watch has and is being deprived of possession. Watch has and is suffering damages due to defendants' unlawful conversion of Watch's property.

20.

In addition to the damages that Watch has already suffered and may suffer in the future as a result of defendants' conduct, Watch has lost all trust that it had in defendants and wants to sever all business ties with defendants.

21.

Defendants' conduct constitutes cause for terminating the Agreement and also constitutes a material breach of the Agreement. Defendants conduct constitutes a breach of the duty of good faith inherent in all contracts. Watch is unwilling to remain in a contractual relationship with defendants who, on information and belief, have engaged in improper, illegal, and unethical conduct. Accordingly, in addition to the compensatory and other statutory relief sought by Watch, including damages for SDS's breach of the Agreement, Watch also seeks a declaratory judgment, declaring, among other things, that grounds exist for termination of the agreement.

22.

The Agreement is vague and does not specify the parties' rights upon the termination of the Agreement. Accordingly, Watch seeks a declaration from this Court as to the rights of the respective parties upon termination of the Agreement.

23.

Defendants are in sole possession of the TaxWatch software that, pursuant to the Agreement, is jointly owned by Watch and defendants. Watch also seeks herein an order compelling defendants to provide to Watch an original or true duplicate of all software source code and data files supporting the code, so that Watch is in possession of the same co-owned property as defendants.

24.

Watch is entitled to recover its attorney's fees expended in this action pursuant to the Wiretap and Stored Communications Acts. Watch further prays that this Court grant it judicial interest from the date of demand or such earlier time as may be allowed by law.

WHEREFORE, plaintiff, Watch Systems, L.L.C. prays for:

(A) A declaration as follows:

    (i) declaring that cause and/or legal grounds exist for termination of the agreement;

    (ii) declaring the respective rights of the parties upon termination including that the parties may each continue to use the TaxWatch software and that neither owes the other compensation;

    (iii) declaring that defendants must provide plaintiff with either the originals or a true copy of the TaxWatch software;

(iv) declaring that the parties must continue to perform their obligations to customers under the Agreement until this Court resolves the parties' respective rights and upon termination of the Agreement, require defendant to continue operating the software for a reasonable period of time to allow plaintiff to put into place a replacement system to offer customers;

(B) Compensatory damages, including the amount of loss suffered by plaintiff and the amount of profit which it has been deprived;

(C) Recovery of the attorney's fees expended by plaintiff in prosecuting this action;

(D) Punitive damages;

(E) Judicial interest from the date of demand; and

(F) All other general and equitable relief that this Court deems appropriate.

Respectfully submitted,

**PHELPS DUNBAR LLP**

By: _____
Susan W. Furr (Bar Roll No. 19582)
Jonathan C. Benda (Bar Roll No. 17464)
Betty Burke Uzee (Bar Roll No. 29113)
400 Convention Street, Suite 1100 (70802)
P.O. Box 4412
Baton Rouge, LA 70821-4412
Telephone: (225) 346-0285
Facsimile: (225) 376-0240 or 381-9197

ATTORNEYS FOR WATCH SYSTEMS, LLC

STATE OF LOUISIANA

PARISH OF ST. TAMMANY

## VERIFICATION

BEFORE ME, the undersigned Notary Public, personally came and appeared:

LOUIS LUZYNSKI

an authorized representative of Watch Systems, L.L.C., plaintiff in the foregoing Complaint, who declared that he has read the same and that all of the allegations contained therein are true and correct to the best of his knowledge, information and belief.

_____
LOUIS LUZYNSKI

SWORN TO AND SUBSCRIBED BEFORE ME THIS 18th
DAY OF August, 2009.

_____
NOTARY PUBLIC

**Jonathan Charles Benda**
**Bar Roll # 17464**
**Notary Public, State of Louisiana**
**My Commission is for Life**

PD.1338554.1