UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WATCH SYSTEMS LLC.                          CIVIL ACTION

VERSUS                                      NO: 09-5821

SYSTEM DESIGN SOLUTIONS,INC                 SECTION: J (4)
and WILLIAM RUDDICK

**ORDER AND REASONS**

Before the Court is Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 6). Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED.**

**I. BACKGROUND**

This case arises from a dispute between Plaintiff Watch System LLC, a Louisiana based limited liability company, and Defendants System Design Solutions Inc., a California based corporation and its principal William Ruddick.[1]

---

[1] Jurisdiction arises from diversity pursuant to 28 U.S.C § 1332 as well as federal question jurisdiction pursuant to 29 U.S.C §1331.

Plaintiff has brought suit against Defendants for various claims including breach of contract and conversion. Plaintiff is seeking damages, punitive damages, and attorneys' fees in compensation.

In 2003, the parties entered into an agreement to develop and market software called TaxWatch. This software was created to calculate the applicable sales tax for a purchase based on a person's address. According to Plaintiff, over time the relationship soured and the parties became distrustful of each other. By 2005, Plaintiff, who previously had many business dealings with Defendants, limited its continued business to TaxWatch.

Plaintiff further alleges that in 2009 Defendants accessed its server without permission, read data on the server, and in some instances deleted data from the server. Plaintiff supports this contention with logs showing the alleged access which list the offending IP address[2] accessing Plaintiff's server and with a supporting affidavit. Pl. Opp. Memo. Exhibit 1 & 2.

This, contends Plaintiff, represents unfair and deceptive trade practices in contravention of the Louisiana Unfair Trade Practices and Consumer Protection Law (La. R. S. 51: 1401 *et seq*) ( hereafter "Lupta"), as well as violations of the Wire Tap Act (18 U.S.C §2510 *et seq)* and Stored Communications Act (18 U.S.C

---

[2]Plaintiff alleges that this IP address is registered to Defendants.

§2701 *et seq),* conversion, and breach of contract.

On August 19, 2009, Plaintiff filed suit against Defendants. (Rec. D. 1) After one request for an extension of time to answer (Rec. D. 3), Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction. (Rec. D. 6).

## II. PARTIES ARGUMENTS

The Defendants brought this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3), arguing that this Court lacks personal jurisdiction over them. Defendants contend that Plaintiff only has two conceivable legal theories which would support arguments for finding personal jurisdiction over them. The first is jurisdiction based on the Joint Software Development and Marketing Agreement (hereafter "joint agreement") signed by Defendants with Plaintiff which is a Louisiana based limited liability company. The second basis is the alleged breach of Plaintiff's server located in Slidell.

Defendants allege that these facts do not justify an exercise of jurisdiction by this Court over them for either general or specific jurisdiction.

Firstly, Plaintiff does not allege that Defendants should be subject to general jurisdiction. Furthermore, Defendants assert that there are no facts which suggest that they should be subject to the general jurisdiction of Louisiana since any contacts they have had with Louisiana derive directly from their relationship

with the Plaintiff. They do not own any real property in Louisiana; the company is not registered in Louisiana; and they do not have any other financial dealings in Louisiana. Therefore, aver Defendants, since they do not have any "substantial...continuous and systematic" contacts with Louisiana, no general jurisdiction exists. <u>Perkins v. Benguet Mining Co.</u>, 342 U.S. 437, 445 (1952).

Additionally, Defendants argue that they are not subject to the specific jurisdiction of the Court. Defendants claim that neither the joint agreement with Plaintiff nor the alleged breach of Plaintiff's server are sufficient to bring them within the jurisdiction of the Eastern District of Louisiana.

With respect to the joint agreement, Defendants aver that the Fifth Circuit has consistently held that merely entering into a contract with a party of a jurisdiction, does not avail the other party of that jurisdiction. <u>Latshaw v. Johnston</u>, 167 F. 3d 208, 211 (5th Cir. 1999). Instead, Courts must evaluate all the "negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." <u>Id.</u>(citing <u>Burger King v. Rudzewicz</u>, 471 U.S. 462, 478-9 (1985)) This concept, argues Defendants, has been specifically applied to joint venture agreements similar to the one at issue in this case. <u>Id.</u> at 209.

Defendants contend that the "course of dealing" for this contract did not avail them of Louisiana. Their performance

related to the contract, software design and support, was carried out in California and not targeted at Louisiana. Though the contract in question was forged in Louisiana, it made clear that California Law governed any disputes that arose as a result. This fact, argue Defendants, weighs against a determination that they are subject to the specific personal jurisdiction of Louisiana. See <u>Issod v.Diagem Res. Corp.</u>, 2006 U.S. DIST. LEXIS 43762 *11-12 (D. Nev. 2006)(finding a forum selection clause relevant to the determination of jurisdiction along with other factors).

Defendants further contend that Plaintiff's allegations against them regarding an intrusion into its server do not justify a finding of specific personal jurisdiction. First, Defendants contend that the "accusation is baseless, ...lurid, [and] ill-founded." Def. Memo Mtn to Dismiss p. 7. These accusations alone, argue Defendants, should not be the basis for the exercise of personal jurisdiction.

Even assuming that the accusations by Plaintiff are correct, Defendants argue that they are not sufficient for specific jurisdiction. Defendants contend that the location of the internet server that was allegedly breached is mere happenstance. As such, contact with the server is not sufficient to establish specific jurisdiction. See <u>Amberson Holdings LLC v. Westside Story Newspaper</u>, 110 F. Supp. 2d 332, 337 (D. N. J. 2000)(finding that where the location of a server is merely for convenience, its location is not sufficient to justify personal jurisdiction).

Defendants aver that Plaintiff's only allegation is that Defendants accessed a server which is actually hosted by a third party who just happens to be within Louisiana. Furthermore, Defendants note that Plaintiff makes no allegations concerning the specific physical location of the server, instead Plaintiff only notes that the company who operates the server is from Louisiana. Defendants contend that the physical server is actually located in San Antonio, Texas, though the company is based in Louisiana.

Therefore, Defendants assert that there was no purposeful availment of the jurisdiction of Louisiana on their part. Instead, Defendants contend that the alleged connections are "random, fortuitous, and attenuated" and thus not sufficient to justify this Court exercising jurisdiction against them. Burger King v. Rudzewicz, 471 U.S. 462, 480 (1985).

In response, Plaintiff asserts that this Court can and should assert personal jurisdiction over the Defendants. Plaintiff alleges that there are sufficient contacts with Louisiana based on two primary arguments. First, Plaintiff asserts that Defendants engaged in tortious conduct that caused injury and damage in Louisiana. Furthermore, Plaintiff contends that the joint agreement provided services to Louisiana residents and thus foreseeably had effects here.

Plaintiff seeks to establish that, as a preliminary matter, it need only prove a prima facie case to sustain the burden to

prove that Defendants are subject to the personal jurisdiction of Louisiana. Buillion v. Gillespie, 895 F. 2d 213, 217 (5th Cir. 1990). Any factual disputes, argues Plaintiff, should be resolved in favor of the non-moving party. D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc., 754 F. 2d 542, 545-546 (5th Cir. 1985).

In order to establish this prima facie case, Plaintiff points to the tortious activities it alleges caused injury and damage in Louisiana. First Plaintiff establishes the elements of the Wire Tap Act (18 U.S.C §2510 *et seq)*, the Stored Communications Act (18 U.S.C §2701 *et seq)* and the tort of conversion. The Wire Tap Act is violated when (1) the defendant intentionally discloses or uses information; (2) the information was obtained from an intercepted communication; and (3) the defendant knew or should have known that the interception was illegal. 18 U.S.C § 2510 *et seq*, Forsyth v. Barr, 19 F. 3d 1527 (5th Cir. 1994). The Stored Communications Act is violated when the defendant (1) intentionally accessed without authorization a facility through which an electronic communication service is provided, or intentionally exceeded an authorization to access that facility; and (2) thereby obtained, altered, or prevented authorized access to a wire or electronic communication while it was in electronic storage in such system. 18 U.S.C §2701. Conversion is committed when one wrongfully does any act of dominion over the property of another in denial of or

inconsistent with the Owner's rights. Dual Drilling Co. v. Mills Equip. Invs., 721 So. 2d 853, 857 (La. 1998).

Plaintiff alleges that Defendants knowingly and intentionally accessed data they knew they were not authorized to access and then read and deleted data stored therein. As such, Plaintiff alleges that these allegations are sufficient to prove a prima facie case for intentional torts pursuant to the Wire Tap Act (18 U.S.C §2510 *et seq*), the Stored Communications Act (18 U.S.C §2701 *et seq*), and the tort of conversion which were directed at Louisiana. Essentially, Plaintiff argues that Defendants intentionally "reached out" to cause harm against it and since Plaintiff is located in Louisiana, Defendants availed themselves of Louisiana's jurisdiction. Bollinger Indus., L.P. v. May, 2003 U.S. Dist. LEXIS 25137 *3 (N.D. Tex. May 29, 2003)(finding personal jurisdiction when an intentional tort is directed at a forum).

Plaintiff asserts that despite Defendants' assertions to the contrary, Defendants have sufficient contacts with the forum state. Plaintiff urges the Court to apply the effects test laid out in Calder v. Jones, 465 U.S. 783 (1984)(finding personal jurisdiction where the effects of a libelous action were felt). Plaintiff also asserts that because Defendants engaged in activities which would have foreseeable consequences in Louisiana, they have sufficient contacts with the forum state. Guidry v. U.S. Tobacco Co., Inc., 188 F. 3d 619, 628 (5th Cir.

1999) (finding personal jurisdiction in Texas over a California Defendant for the harm it caused when it shipped drugs to Texas). Even if the alleged tort happens outside of the state, the Guidry court founds that the forum which feels the effects of the tort is the most important. Id.[3]

Plaintiff further avers that Defendants are sophisticated enough to have recognized that their actions were sufficient to have them haled into a court in Louisiana.

Plaintiff also contends that Defendants availed themselves of the jurisdiction of Louisiana through entering into the joint agreement. Plaintiff avers that TaxWatch was specifically targeted at Louisiana residents, along with only two other states, and one half of all the revenue generated by the product came from Louisiana.

Plaintiff also notes that William Ruddick admits to traveling to Louisiana in order to negotiate the transaction and continue business dealings.

Furthermore, any assertions that the agreement was not targeted at Louisiana at the very least raise issues of material fact which must be resolved in favor the Plaintiff.

Plaintiff alleges that William Ruddick specifically availed himself of the jurisdiction of the Court since he personally engaged in all the contacts with Plaintiff through the

---

[3] Furthermore, Plaintiff asserts that the Guidry court made clear the effects test first laid out in Calder would not be limited to libel cases.

negotiation and implementation of the joint agreement. Furthermore, Plaintiff suspects that Ruddick was the person who illegally accessed its e-mail server and is the only employee of System Design Solutions Inc.

Finally, Plaintiff argues that exercising jurisdiction over the Defendants does not violate notions of fair play or substantial justice since the Court has an interest in protecting its residents against the tortious and illegal conduct alleged in this case.

In reply, Defendants argue that Plaintiff fails to allege sufficient effects in Louisiana to justify jurisdiction. Furthermore, the effects test requires that Plaintiff submit proof that the acts were directed at Louisiana. <u>Allred v. Moore & Peterson</u>, 117 F. 3d 278, 286-7 (5th Cir. 1997). Plaintiff, allege Defendants, only provides general statements about Luzynski's (Plaintiff's principal) belief about the actions of the Defendants without any other support.

Furthermore, Defendants allege that their other contacts with the forum state – business trips and phone calls – are not sufficient to exercise jurisdiction over them.

### III. LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(2) permits dismissal of a suit for lack of personal jurisdiction. "[T]he plaintiff bears the burden of establishing the district court's

jurisdiction" over a nonresident defendant.  <u>Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc</u>., 85 F.3d 201, 204 (5th Cir. 1996)[4].  Personal jurisdiction over a nonresident Defendant is established where (1) the forum state's long arm statute confers personal jurisdiction over that defendant, and (2) the exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. <u>Revell v. Lidov,</u> 317 F.3d 467, 469 (5th Cir. 2002).  As Louisiana's long arm statute extends personal jurisdiction on any basis consistent with the Constitution, the Court need only consider the limitations of the Due Process Clause.  See LA.REV.STAT.ANN. §13:3201(B).

The exercise of personal jurisdiction over a nonresident defendant comports with due process when "(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." <u>Alpine View Co. v. Atlas Copco AB</u>, 205 F.3d 208, 215 (5th Cir. 2000) (citations and internal quotation marks omitted); <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945).

Contact with the forum state may create general or specific personal jurisdiction. In the present case, Plaintiff only asserts facts supporting specific personal jurisdiction. Specific

---

[4] The Court notes for the purposes of this Order it declines to address Defendants' Rule 12(b)(3) Motion since neither party addressed the separate issue of venue in its briefing.

jurisdiction exists when the defendant's contacts with the forum "arise from, or are directly related to, the cause of action." Revell, 317 F.3d at 470 (quoting Lewis v. Fresne, 252 F.3d 352, 358 (5th Cir. 2001)). Furthermore,

> The analysis of specific jurisdiction may be refined further into a three-part test: (1) Did the defendant have minimum contacts with the forum state--purposely directing its activities toward the forum state or purposely availing itself of the privilege of conducting activities therein? (2) Did the plaintiff's cause of action arise out of or result from the defendant's forum-related contacts? (3) Would the exercise of personal jurisdiction be reasonable and fair?

Guidry v. United States Tobacco Co., 188 F.3d 619, 625 (5th Cir. La. 1999)

A single act by a defendant can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted. See Brown v. Flowers Indus., 688 F.2d 328, 332-33 (5th Cir. 1982)

In the present case, Plaintiff alleges that specific jurisdiction arises out of Defendants' intentional torts directed at the forum state. To determine whether this satisfies the first prong of the Guidry analysis, the Court first considers whether Plaintiff has alleged sufficient facts to establish a prima facie

case supporting the claims of intentional torts and jurisdiction. Panda Brandywine Corp. v. Potomac Elec. Power Co., 253 F.3d 865, 868 (5th Cir. 2001) (citations omitted). Courts "accept the plaintiff's uncontroverted, nonconclusional factual allegations as true and resolve all controverted allegations in the plaintiff's favor." Id; c.f. Walk Haydel & Assocs. v. Coastal Power Prod. Co., 517 F.3d 235, 245 (5th Cir. La. 2008)(finding that where "tortious activities, if proved by [plaintiff] at trial, had foreseeable effects in Louisiana," they could be considered in the analysis of minimum contacts as true.)

It is sufficient that Plaintiff has alleged facts "with affidavit support" which make out a prima facie case for an intentional tort. See WNS, Inc. v. Farrow, 884 F.2d 200 (5th Cir. Tex. 1989)

Plaintiff provides factual allegations and supporting documentation of breaches into its computer server by Defendants which could represents unfair and deceptive trade practices in contravention of Lupta, as well as violations of the Wire Tap Act (18 U.S.C §2510 *et seq*) and Stored Communications Act (18 U.S.C §2701 *et seq),* conversion, and breach of contract.

Furthermore, Plaintiff provides sufficient evidence that there are minimum contacts with Louisiana because Defendants "purposefully direct [ed] [their] efforts toward the forum State residents." Burger King, 471 U.S. at 475. "When the actual content of communications with a forum gives rise to intentional

tort causes of action, this alone constitutes purposeful availment." <u>Wien Air Alaska, Inc. v. Brandt</u>, 195 F.3d 208, 213 (5th Cir. Tex. 1999); <u>Lewis v. Fresne</u>, 252 F.3d 352, 359 (5th Cir. Tex. 2001) (Same). Here Plaintiff alleges that Defendants intentionally hacked into Plaintiff's private server and intercepted several messages. The act of this alleged intrusion is, for the purposes of this opinion, essentially communication. Therefore, since the content of the intrusion gave rise to the intentional tort, Defendants have purposely availed themselves of this forum.

Furthermore, Defendants were aware of where their injury would be felt and thus this case can be distinguished from recent Fifth Circuit precedent in <u>Mullins v. Test America Inc.</u>, 564 F.3d 386 (5th Cir. Tex. 2009). In <u>Mullins</u>, the Court held that "[k]nowingly accepting a fraudulent transfer ...is not necessarily tantamount to committing a wrongful act purposefully aimed at a creditor of the transferor in his state of residence." <u>Id.</u> Conversely in this case, Defendants admit that they frequented Louisiana in order to establish a business relationship with Plaintiff and had knowledge that any intentional tort against Plaintiff would be directed at and felt by Louisiana residents.

Finally, Plaintiff also avers in an affidavit that one half of all the revenue from the TaxWatch software came from Louisiana residents. Pl. Memo. Opp. Exhibit 1 para. 16. The software was

only available in two other states. Pl. Memo. Opp. Exhibit 1 para. 15.

With respect to the second prong of the <u>Guidry</u> analysis, this Court finds that there can be no question that the causes of action in this case derive directly from the alleged minimum contacts.

Having established that the requisite minimum contacts between the defendants and this state exist, "the burden of proof shifts to the defendant[s] to show that the assertion of jurisdiction is unfair and unreasonable." <u>Central Freight Lines Inc. v. APA Transport Corp.</u>, 322 F.3d 376, 384 (5th Cir. 2003) (citations omitted). The Fifth Circuit has recognized that it is rarely the case that jurisdiction is unfair after minimum contacts have been established. <u>Wein Air Alaska, Inc. v. Brandt</u>, 195 F.3d 208, 215 (5th Cir. 1999). "The defendant must make a 'compelling case.'" <u>Id.</u> quoting <u>Burger King</u>, 471 U.S. at 477. In making a determination of whether the exercise of jurisdiction is fair and reasonable, courts consider: "the burden on the defendant having to litigate in this forum; the forum states's interests in the lawsuit; the plaintiff's interest in convenient and effective relief; the judicial system's interest in efficient resolution of controversies; and the state's shared interest in furthering fundamental social policies." <u>Id.</u> (citations omitted).

In the present case, Defendants do not provide any evidence that adjudicating this matter in Louisiana would be unfair or

subject them to undue hardship.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED.**

New Orleans, Louisiana this 29th day of December, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE