UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WATCH SYSTEMS, LLC | * | |
| | * | CIVIL ACTION NO. 09-5821 |
| versus | * | |
| | * | SECTION "J" |
| SYSTEM DESIGN SOLUTIONS, INC | * | |
| AND WILLIAM RUDICK | * | MAGISTRATE "4" |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ANSWER AND AFFIRMATIVE DEFENSES**

**NOW INTO COURT,** through undersigned counsel, comes System Design Solutions, Inc. ( "SDS") and William Rudick ("Mr. Rudick") (*in globo*, "Defendants").  SDS and Mr. Rudick respectfully respond to the Complaint filed in this matter by Watch Systems, LLC ("Watch") as follows:

**FIRST DEFENSE**

This Court lacks personal jurisdiction over Defendants on the claims raised in Watch's complaint.

**SECOND DEFENSE**

Venue for Watch's claims is not proper in the Eastern District of Louisiana.

**SECOND DEFENSE**

The Complaint filed in this matter by Watch states no cause of action for which the Court may grant relief.

**THIRD DEFENSE**

Watch's Complaint is barred in whole or in part by its unclean hands.

**FOURTH DEFENSE**

SDS seeks and is entitled to setoff against the damages sought by Watch, in whole or in part.

**FIFTH DEFENSE**

Watch's claims are barred due to excused performance, failure of a condition precedent, and/or anticipatory breach.

**SIXTH DEFENSE**

Watch's claims are barred by the applicable statute of limitations.

**SEVENTH DEFENSE**

Watch's claims are barred by estoppel or laches.

**EIGHTH DEFENSE**

To the extent SDS's computers accessed Watch's servers, such access was permitted by Watch and/or was lawful under the Wiretap Act, 18 U.S.C. § 2510, *et seq.*, and the Stored Communications Act, 18 U.S.C. § 2701, *et seq.*

**AND NOW,** specifically responding to Watch's allegations, SDS does state as follows:

1.

The allegations of Paragraph One are denied for lack of sufficient information with which to justify a belief as to the truth or falsity of said allegations.  Defendants are not directly familiar with the members of Watch and cannot attest as to whether it is a citizen of the State of Louisiana.

2.

The allegations of Paragraph Two are admitted.

3.

The allegations of Paragraph Three are admitted.

4.

The allegations of Paragraph Four are admitted.

5.

The allegations of Paragraph Five are denied for lack of sufficient information with which to justify a belief as to the truth or falsity of said allegations, except that Defendants are aware that Watch alleges that the amount in controversy exceeds $75,000.00.

6.

The allegations of Paragraph Six are denied for lack of sufficient information with which to justify a belief as to the truth or falsity of said allegations, except that Defendants are aware that Watch alleges that the amount in controversy exceeds $75,000.00.

7.

The allegations of Paragraph Seven are admitted insofar as this Court has original jurisdiction over claims brought pursuant to the Wiretap Act, 18 U.S.C. § 2510, *et seq.*, and the Stored Communications Act, 18 U.S.C. § 2701, *et seq.* .

8.

The allegations of Paragraph Eight are denied. Watch's state law claims are not part of the same case or controversy as its federal law claims.

9.

The allegations of Paragraph Nine are denied, except that Watch's hosting company is located in Slidell, Louisiana, a fact which not relevant to venue. Venue is not proper in Louisiana because SDS's performance of its contractual obligations took place almost

exclusively in California.  Although Mr. Rudick traveled to Louisiana on behalf of SDS on sales trips, these visits in no way bear on the allegations raised by Watch.  Furthermore, the servers which SDS allegedly breached are physically located in San Antonio, Texas.

10.

The allegations of Paragraph Ten are admitted.

11.

The allegations of Paragraph Eleven are admitted.

12.

The allegations of Paragraph Twelve are denied.  SDS is not a "one-man operation," nor has Mr. Rudick been Watch's sole contact with SDS.  SDS had multiple full-time employees and contractors.  At one point, SDS hired an employee to handle Watch's software exclusively, and Mr. Luzynski and other personnel of Watch interacted with this employee on a daily basis.

13.

The allegations of Paragraph Thirteen are denied, except that SDS had previously worked with Watch on other projects, and that the only remaining product on which the Parties work together is TaxWatch.

14.

The allegations of Paragraph Fourteen are denied.  Defendants did not breach Watch's exchange servers without permission and read or manipulate electronic mail messages.  Furthermore, Watch's system logs do not prove its allegation that SDS loaded and deleted electronic mail messages from its exchange servers.

15.

The allegations of Paragraph Fifteen are denied.

16.

The allegations of Paragraph Sixteen are denied. As explained, Defendants deny the underlying factual allegations.

17.

The allegations of Paragraph Seventeen are denied. As explained, Defendants deny the underlying factual allegations.

18.

The allegations of Paragraph Eighteen are denied. As explained, Defendants deny the underlying factual allegations.

19.

The allegations of Paragraph Nineteen are denied. As explained, Defendants deny the underlying factual allegations.

20.

The allegations of Paragraph Twenty are denied, except to say that Watch wants to sever business ties with the Defendants.

21.

The allegations of Paragraph Twenty-one are denied, except insofar as Watch has filed suit in which it seeks a declaratory judgment.

22.

The allegations of Paragraph Twenty-two are denied, except insofar as Watch has filed suit in which it seeks a declaratory judgment.

23.

The allegations of Paragraph Twenty-three are denied, except to acknowledge that SDS is presently in sole possession of the TaxWatch software.

24.

The allegations of Paragraph Twenty-four are denied, except insofar as Watch has filed suit seeking the relief described.

**WHEREFORE**, defendant System Design Solutions, Inc. prays that this Answer be deemed good and sufficient and that, after due proceeding are had, the Court dismiss Watch Systems, LLC's claims at its cost.

Respectfully submitted,

**TAGGART MORTON, L.L.C.**

s/Perry R. Staub, Jr.
**PERRY R. STAUB, JR**., T.A. (#12414)
**MARK E. VAN HORN** (#14476)
**LARRY E. DEMMONS** (#24376)
2100 Energy Centre
1100 Poydras Street
-New Orleans, Louisiana 70163-2100
Telephone: (504) 599-8500

**COUNSEL FOR DEFENDANTS SYSTEMS DESIGN SOLUTIONS, INC. AND WILLIAM RUDICK.**

**CERTIFICATE OF SERVICE**

 I certify that on January 14, 2010, a copy of the above and foregoing reply memorandum was filed electronically with the Clerk of Court using CM/ECF system. Notice of this filing will be sent to:

  Susan W. Furr: susan.furr@phelps.com
  Jonathan C. Benda: jon.benda@phelps.com
  Betty Burke Uzee: betty.uzee@phelps.com

by operation of the court's electronic filing system.  I further certify that there are no non-CM/ECF participants in this case.

        s/Perry R. Staub, Jr._____
        **PERRY R. STAUB, JR.** (#12414)
        Counsel for Defendant
        Taggart Morton, LLC
        2100 Energy Centre
        1100 Poydras Street
        New Orleans, Louisiana 70163-2100
        Telephone: (504) 599-8500
        Fax: (504)-599-8501
        E-mail: pstaub@taggartmorton.com